UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHANIE MCGOEY | CIVIL ACTION |
| VERSUS | NO. 06-8954 |
| STATE FARM INSURANCE COMPANY, PHILIP W. BANKSTON INSURANCE AGENCY, INC. AND AAA CONTRACTOR SERVICES | SECTION "C" (1) |

## ORDER

Before the Court is a Motion to Remand filed by the plaintiff, Stephanie McGoey ("Plaintiff") (Rec. Doc. 3), in which she claims that insurance agent, Philip Bankston ("Bankston"), was not improperly joined. Defendant, State Farm Insurance Company ("State Farm") filed an opposition to the motion (Rec. Doc. 10), claiming that Plaintiff improperly joined Bankston because Plaintiff did not state a claim against him. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and applicable law, the Court finds that remand is inappropriate at this time.

### Subject Matter Jurisdiction

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Associacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the

district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

## **Improper Joinder**

The primary issue in this dispute is whether or not the plaintiffs' insurance agent, Philip W. Bankston, was improperly (also described as "fraudulently") joined to defeat diversity jurisdiction. To show improper joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a

claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood*, 352 F.3d at 222.

In her petition, Plaintiff states that she conversed with defendant Bankston regarding limits, scope of coverage regarding hurricane damage and, within the last three years, made and/or requested changes to her policy. Petition, ¶ 17. Plaintiff alleges that Bankston failed in his capacity as an agent to properly advise Plaintiff as to her options regarding excess flood insurance and hurricane damage. Petition, ¶ 17. Plaintiff further avers that Bankston was negligent and/or breached his agreement with Plaintiff by failing to procure adequate insurance coverage for Plaintiff's property. Petition, ¶ 18. The specific omissions alleged by Plaintiff include Bankston's failing to procure adequate flood insurance coverage, failing to procure coverage that would provide for hurricane-related losses, and failing to advise Plaintiff of the inadequacy of her flood coverage. Petition, ¶ 18. In no part of her petition does Plaintiff allege that she requested a

specific coverage that Bankston failed to procure.

Defendant State Farm claims that the Plaintiff cannot recover against Bankston because no claim has been stated against him under Louisiana law and that, in any event, any claims against Bankston are perempted. Plaintiff asserts that Bankston negligently advised them regarding the hurricane and flood policy coverage/exclusions and that the lack of excess flood insurance and/or hurricane coverage caused the Plaintiff harm when she was insufficiently insured for her losses from Hurricane Katrina. Defendant argues that Plaintiff has made no specific allegations that Bankston committed any act, omission, or neglect. Furthermore, Defendants submitted an unrebutted affidavit attesting to the fact that Bankston had no contact with Plaintiff regarding the policy terms, conditions, or exclusions from the date of the policy inception (June 14, 2004) until after the date of loss, and thus the one-year peremptive period would apply.

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage, and to promptly notify the client if it fails to obtain the requested insurance. *Whitehead v. State Farm Ins. Co.*, 2006 WL 3747520, *2 (E.D. La. December 15, 2006) (J. Berrigan) (*citing Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728 (La. 1973). However, no case imposes a duty on an agent to "identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage." *Id*. *See also Bilbe v. Belsom*, 2006 WL 3388482 (E.D. La.) (J. Barbier); *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D. La.) (J. Vance). An insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage and to promptly notify the client if he fails to obtain the requested insurance. *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir.1990). However, an insurance agent's duties can be greater than merely

procuring the insurance requested, depending on what service the agent holds himself out as performing and the nature of the specific relationship between the agent and his client. *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D. La.) (J. Lemmon) (*citing Graves v. St. Farm Mut. Auto Ins. Co* ., 821 So.2d 769, 773, 2002-1243 (La. Ct.App. 3 Cir. 0626/02)).

Plaintiff alleges that Bankston was fully aware of her needs and failed to procure the necessary amount of insurance coverage to adequately protect her property. However, Plaintiff does not allege that she requested a specific type or amount of coverage that Bankston failed to provide, and does not allege any specific wrongdoing by Bankston. As stated above, there is no such duty under Louisiana law for an agent to identify the insurance needs of a customer. Bankston had no duty to identify Plaintiff's insurance needs and no duty to advise her as to whether she was sufficiently insured. Thus, the Plaintiff did not state a claim against Bankston and the improper joinder of Bankston cannot be used to defeat diversity jurisdiction.

Because the parties are diverse and the amount in controversy is in excess of $75,000, jurisdiction remains with this Court. Based on the record and the law, the Court finds that the defendant has established subject matter jurisdiction.

New Orleans, Louisiana, this 17th day of April, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE